IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARVIN SMITH,                                                          PETITIONER

v.                                              CIVIL ACTION NO.: 1:13cv75-GHD-SAA

C. EPPS, et al.,                                                       RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner, Marvin Smith, an inmate currently confined at the Mississippi State Penitentiary, has filed a *pro se* petition for federal habeas relief pursuant to 28 U.S.C. § 2254. Respondents have filed an answer to the instant petition, and the time has expired for Smith to submit a reply. Having considered the parties' filings and the applicable law, the Court finds Smith's petition should be dismissed.

### Background and Procedural History

On April 21, 2003, Smith pleaded guilty to grand larceny in the Circuit Court of Oktibbeha County, Mississippi, and was given a five-year sentence. (Answer, Ex. A). The sentencing order recommended Smith for the Regimented Inmate Discipline Program ("RID") and ordered that, upon successful completion of the RID program, the court would retain jurisdiction until re-sentencing. (*Id.*). On January 30, 2004, Smith was re-sentenced. In the new sentencing order, the circuit court noted that, while awaiting re-sentencing, Smith committed a new crime. (*Id.*, Ex. B). The circuit court sentenced Smith to serve the full five year sentence in the custody of the Mississippi Department of Corrections ("MDOC"). (*Id.*).

According to Smith's MDOC timesheet, he was released on parole on February 25, 2005,

1

but was returned to custody on April 6, 2006. (*Id.*, Ex. C). On October 19, 2006, Smith pleaded guilty to burglary of a dwelling in the Circuit Court of Oktibbeha County, Mississippi, a crime which was committed while Smith was on parole, and he was sentenced to serve a term of fifteen years with five years of post-release supervision. (*Id.*, Ex. D). This order does not specify whether the sentence was to run consecutively or concurrently with Smith's sentence for grand larceny. On July 28, 2009, in the Circuit Court of Oktibbeha County, Smith pleaded guilty to a charge of possession of contraband in jail and was sentenced to serve a term of five years, with five years of post-released supervision, to be served consecutively with his previous sentences. (*Id.*, Ex. E). Smith is currently incarcerated pursuant to these sentences.

In his federal habeas petition, Smith does not list any grounds for relief. (*See* ECF No. 1). He simply asks the Court to correct his sentence in his prayer for relief. (*See id.* at 14). However, attached to his petition is a letter, in which he complains that MDOC has wrongfully interpreted his sentences to run consecutively, for a total of twenty-five years. (*See id.* at 15-16). He argues that, when he pleaded guilty, he was under the impression that his sentences for grand larceny and residential burglary would run concurrently, and that he should, therefore, be serving a total of twenty years.

In November 2011, Smith filed a complaint with the MDOC Administrative Remedy Program ("ARP") asserting that he should be parole eligible. (*Id.*, Ex. F). The ARP response to that complaint informed Smith, *inter alia*, that his fifteen year sentence for residential burglary, "should have ran consecutive to your original sentence. It now does." (*Id.*). Smith signed for this response on February 13, 2012, but did not file his "Second Step" in the ARP process until March 22, 2012, well beyond the window in which to file his second-step response. (*See id.*, Ex.

G).

On June 22, 2012, Smith filed a letter in the Oktibbeha County Circuit Court asking that his 2006 sentencing order for residential burglary be rewritten to make the sentence run concurrently with his earlier grand larceny sentence. (*Id.*, Ex. H). On October 31, 2012, the circuit court, treating the letter as a post-conviction motion, entered an order holding, in pertinent part, that "the petition is not well taken and that no hearing is necessary. The Court finds that it lacks the authority to amend any aspect of Petitioner's sentence at this time." (*Id.*, Ex. I).

Smith then filed his federal habeas petition, arguing in an attached letter that his sentences for residential burglary and grand larceny should run concurrently.

**Discussion**

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the substance of the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

Smith has not appealed the denial of his post-conviction motion to the Mississippi Supreme Court. The time within which Smith could properly seek such an appeal has expired. *See* Miss. R.App. P. 4 (requiring notice of appeal to be filed within thirty days after the entry of judgment or order appealed from). Therefore, Smith has procedurally defaulted his opportunity to present his claim to the Mississippi Supreme Court, and this Court is precluded from reviewing the claim on its merits. *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999) (citations omitted) (holding that a procedural default occurs where "the petitioner fails to exhaust

3

all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred"); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.").

By failing to properly file appeals and present his claim to the Mississippi Supreme Court, Smith has waived State court review of the claim on the merits. Accordingly, he has defaulted his federal habeas claim, and this Court may not review the merits of it unlesss "he can demonstrate cause for the default[] and actual prejudice" or "that 'failure to consider the claim[] will result in a fundamental miscarriage of justice.'" *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (citations omitted). Smith makes no argument in an attempt to demonstrate "cause" for the default, and the Court finds that no legally sufficient cause for the default exists. *See Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (finding *pro se* status is not an objective external factor constituting "cause" for failure to raise issues). Because Smith fails to demonstrate cause, the Court need not consider the issue of prejudice. *Id.* at 118.

The "fundamental miscarriage of justice" exception, which is limited to cases of actual innocence, is not applicable in the instance case, as Smith pleaded guilty to the crimes of conviction. *See Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (noting that the exception is limited to cases "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction"). The Court otherwise notes that because Smith's crime of residential burglary was committed while he was on parole for his grand larceny conviction, Smith's 2006 sentence was required by statute to run consecutively to his previous sentence. *See*

4

Miss. Code Ann. § 99-19-21(2).

Therefore, the Court is procedurally barred from granting the relief Smith requests.

## Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts requires this Court to issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. A petitioner must obtain a certificate of appealability ("COA") before appealing a district court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA on a claim that has been rejected on procedural grounds, as is the case here, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

## Conclusion

Smith failed to properly submit his claim to the State's highest court, and the time for seeking review in State court has expired. Therefore, Smith's claim is procedurally barred and his petition is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED** this the 21st day of July, 2014.

_____
**SENIOR U.S. DISTRICT JUDGE**